**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| Gail Lynn Brien, Individually, and on behalf of all other persons similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 4:02-cv-10 |
| State Bank of Bottineau, a North Dakota Bank Corporation, | ) ) ) | **ORDER DENYING MOTION TO REOPEN CASE** |
| Defendant. | ) ) | |

___

Before the Court is the defendant's, State Bank of Bottineau, motion for Rule 60(b)(6) relief. The plaintiff, Gail Lynn Brien, resists the motion  For the reasons set forth below, the motion is denied.

**I.   BACKGROUND**

This action was commenced on or about January 2, 2002, in state court.  It was removed to federal court on January 28, 2002, based upon federal question jurisdiction.  Brien alleged discriminatory lending under the Fair Housing Act and the Equal Credit Opportunity Act. The Bank denied the allegations but did not assert any counterclaims.  In early 2003 the parties advised the Court they had settled the matter.  A stipulation for dismissal was filed on January 30, 2003.  Final judgment dismissing the case with prejudice was entered on February 3, 2003.

The Bank now seeks to reopen the case despite the fact that the matter was settled and dismissed with prejudice more than seven years ago.  The Bank claims exceptional circumstances

1

justify reopening the case. The exceptional circumstances asserted by the Bank are that Brien failed to execute all the documents as required by the settlement agreement and she is now default on her home loan. Brien maintains she signed all the paperwork the Bank presented to her but does not dispute that she is now in default on the loan. In asking the Court to reopen the case, the Bank is not asking the Court to enforce the settlement agreement. Rather, the Bank seeks to reopen the case so that it might "foreclose upon its mortgage in the original action taken by Brien against the Bank." See Docket No. 23 at 6.

The current motion was filed May 17, 2010. Brien filed a response and request for Rule 11 sanctions on June 1, 2010. The Bank filed a reply on June 10, 2010. Brien filed a reply to the response and a request for a hearing on June 17, 2010. The matter is now ripe for consideration.

## II.   DISCUSSION

The Bank's motion is brought pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, the relevant portions of which provide as follows:

> (b)   Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
>> (1)   mistake, inadvertence, surprise, or excusable neglect;
>>
>> (2)   newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>>
>> (3)   fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>>
>> (4)   the judgment is void;

      (5)     the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

      (6)     any other reason that justifies relief.

  (c)    Timing and Effect of the Motion.

      (1)     Timing. A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

      (2)     Effect on Finality. The motion does not affect the judgment's finality or suspend its operation.

Fed. R. Civ. P. 60(b) and (c)

The Bank seeks by its Rule 60(b)(6) motion to set aside the judgment and the settlement agreement. The Bank is not seeking enforce the settlement agreement which the court would lack authority to do as the order for dismissal did not specifically retain jurisdiction or incorporate the terms of the settlement agreement. Jenkins v. Kan. City Mo. Sch. Dist., 516 F.3d 1074, 1081 (8th Cir. 2008) (holding district courts do not retain authority to enforce settlement agreements *unless* the dismissal order states that the district court is retaining jurisdiction over the agreement *or* the court incorporates the terms of the agreement into an order).

  **A.**    **Reasonable Time**

While most Rule 60(b) motions must be made within one year of final judgment, motions pursuant to Rule 60(b)(6) must be made within "a reasonable time." Fed. R. Civ. P. 60(c)(1). What constitutes a reasonable time under Rule 60(b)(6) necessarily depends on the unique facts of each case. Watkins v. Lundell, 169 F.3d 540, 544 (8th Cir. 1999).

Seven years is an extremely long time to be considered reasonable in the context of Rule 60(b). This is especially true when the Bank acknowledges that "the matter got put aside and non-

prioritized because she was timely in her payments" and "Brien has proven to be litigious, so the bank did not press the matter overmuch because it wished to avoid another civil rights action." See Docket No. 27 at 2. The Bank deliberately chose to sit on its rights for seven years. That Brien was perceived as difficult to deal with does not constitute good cause for seven years delay in the eye of the Court.

In addition, the Deed in Lieu of Foreclosure, which the bank alleges Brien has not signed, is not mentioned in the Release or Settlement Agreement. The Release simply refers to Brien being required to sign "any and all supplementary documents." See Docket No. 24 at 6. The Settlement Agreement required the parties to use their best efforts to effectuate the terms of the settlement by February 3, 2003. See Docket No. 24 at 3. It is not at all clear that Brien was required to sign a Deed in Lieu of Foreclosure as part of the settlement.

Judgments demand finality. The Court concludes the motion has not been brought within a reasonable time.

### B. Exceptional Circumstances

Rule 60(b)(6) is the catchall provision which allows a court to relieve a party from final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6); Jones v. Swenson, 512 F.3d 1045, 1049 (8th Cir. 2008). Rule 60(b) relief is an extraordinary remedy which requires the moving party to demonstrate exceptional circumstances are present in order to justify intruding upon the sanctity of a final judgment. Watkins, 169 F.3d at 544.

The Bank states it wants to reopen the case so that it might foreclose upon its mortgage but does not want to litigate Brien's civil rights lawsuit. See Docket No. 27 at 6. The Court fails to see how this would be accomplished as the Bank did not file a counterclaim when it answered the

complaint. By what rule or mechanism could the Court reopen the case without reviving Brien's civil rights lawsuit? If the Court were to grant the motion, Brien would be prejudiced in going forward with her lawsuit as over the course of seven years memories fade and witnesses become difficult to locate. Original documentation may also be hard to locate.

Further confusing the matter is the statement by the Bank that it considered filing a state court foreclosure action but anticipated Brien would seek to remove the case. See Docket No. 27 at 4. There is no readily apparent jurisdictional basis for any such removal, however. This acknowledgment of an available state court forum, whether it be for a breach of contract or foreclosure action, belies a need to reopen this case.

The confluence of Brien's default on her loan and the Bank's failure to obtain her signature of a Deed in Lieu of Foreclosure seven years ago do not constitute exceptional circumstances. This is all the more true when the Bank may seek redress in state court. Attempting to revive the original lawsuit via Rule 60 simply confuses the matter.

### C.   **Rule 11 Sanctions**

Brien, in her response to the motion, asks for an award of Sanctions pursuant to Rule 11(b) of the Federal Rules of Civil Procedure. She argues the motion to reopen the case is frivolous.

The Court has given due consideration to her request. The request for sanctions is not without merit. The Bank's motion, made seven years after the case was settled, strains the construction of "reasonable time" which good judgment might permit under Rule 60(b). On the other hand, as the Court recalls, Brien's original lawsuit was not a strong case in and of itself and she does not deny that she has now defaulted on her loan. With some reluctance, the Court will deny the request for sanctions.

### III. CONCLUSION

Accordingly, motion to reopen the case is **DENIED**. The motion for sanctions and request for a hearing are also **DENIED**.

Dated this 22nd day of June, 2010.

/s/ *Patrick A. Conmy*
Patrick A. Conmy, Senior District Judge
United States District Court